UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNIVERSITY SPINE CENTER, on assignment of, Katherine L. | : | Civil Action No. _____ |
| Plaintiff, | : | |
| v. | : | **COMPLAINT** |
| AETNA, INC. and UNITED PARCEL SERVICE OF AMERICA, INC., | : | |
| Defendants. | : | |

University Spine Center ("University Spine") by way of Complaint against Aetna, Inc. and United Parcel Service of America, Inc. ("Aetna, Inc. and UPS" or "Defendants"), asserts:

### NATURE OF THE ACTION, PARTIES, JURISDICTION, AND VENUE

1. This is an action arising under the laws of the United States, specifically the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., for Defendants' wrongful denial/underpayment of Patient's health insurance benefits.

2. At all material times, University Spine Center is a medical practice consisting of spine surgeons and other related healthcare practitioners—in the County of Passaic, State of New Jersey.

3. Upon information and belief, Defendants were present and engaged in significant activities in the State of New Jersey to sustain this Court's exercise of *in personam* jurisdiction.

4. This Court possesses original jurisdiction pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

5. Venue is proper in the District Court for the District of New Jersey as, *inter alia*, (a) the breach of the terms of the subject employee welfare benefit plan took place in New Jersey, and (b) Defendants presently conducts and/or conducted business in New Jersey during the time at issue in this matter.

6. All conditions precedent to the institution of this action, *i.e.*, administrative appeals, have occurred, been performed, been exhausted, been waived, would be futile, or should otherwise be deemed exhausted pursuant to 29 C.F.R. § 2560.503-1.

## ANATOMY OF THE CLAIM

7. Upon information and belief, at all material times Patient had health insurance by way of an ERISA governed employee welfare benefit plan (the "Plan").

8. On October 14, 2013, December 30, 2013, January 19, 2016, and April 4, 2016 medical practioners at University Spine provided medically necessary and reasonable services to Katherine ("Patient"). *See* **Exhibit A.**

9. Specifically, on January 19, 2016, Patient underwent revision to a posterior and anterior spinal decompression and fusion performed in 2013. *See* **Exhibit A**.

10. Subsequently, HICFs were submitted to Defendants or its agent for an amount totaling $169,530.00 for the treatment/services/supplies discussed above. *See* **Exhibit B**.

11. The charges for the services performed by University Spine and other medical professional at University Spine charges were in line with other similar providers in their geographic area.

12. Defendants, however, remitted less than $12,000.00, for the above-referenced treatment. *See* **EOBs attached as Exhibit C**.

13. According to the plan documents, out-of-network services are to be reimbursed at Reasonable and Customary chargers. Specifically, the plan states:

> Reasonable and Customary Charges:
> All eligible medical expenses received out-of-network or in the Traditional Program are subject to reasonable and customary (R&C) limits. A reasonable and customary charge is the lower of either the provider's usual charge or the prevailing fee for a medical service or supply in your geographic area, as determined by the network manager or claims administrator. If you are charged more than the R&C limit, you must pay any amounts considered above the R&C limit. These charges do not count toward your out-of-pocket maximum. *See* **Exhibit D**.

14. Critically, according Plaintiff's Counsel's research, Defendants drastically underpaid the medical providers at University Spine by either (a) not remitting any payment for certain CPT codes, and (b) remitting payment drastically under the 80th percentile of Fair Health for other CPT Codes.

15. In fact, according the Plaintiff's Counsel's research Defendants underpaid their reimbursement of all services by over $60,000.00

16. Accordingly, Patient brings this action for the recovery of the balance of benefits due to Patient under the Plan for the treatment rendered to him by University Spine

## COUNT I

### RECOVERY OF BENEFITS UNDER
### 29 U.S.C. § 1132(a)(1)(B)

17. Plaintiff repeats and restates the allegations in the preceding paragraphs of the Complaint as if fully set forth at length herein.

18. ERISA § 502(a)(1), codified at 29 U.S.C. § 1132(a)(1)(B), provides a cause of action for a beneficiary or participant seeking benefits due payment under the terms of an ERISA governed plan.

19. Defendants improperly denied benefits due to Patient under the terms of the Plan.

20. Critically, according to the Patient's plan terms the Defendants drastically underpaid the medical providers of University Spine by either (a) not remitting any payment for certain CPT codes and (b) remitting payment drastically under the 80th percentile of Fair Health for other CPT Codes.

WHEREFORE, Plaintiff requests the entry of judgment against Defendants as follows:

a. For damages including, but limited to, past-due contractual benefits as set forth in the Plan;

b. For attorneys' fees and costs of suit; and

c. For such other and further relief as the Court may deem just, equitable, and/or proper.

## TRIAL COUNSEL DESIGNATION

James Greenspan, Esq., is hereby designated as Trial Counsel in the above matter.

## R. 4:5-1(b)(2) CERTIFICATION

Pursuant to R. 4:5-1(b)(2), I hereby certify that the matter in controversy is not the subject of any other action pending in any court, is not the subject of a pending arbitration proceeding and is not the subject of any other contemplated action or arbitration proceeding, except as may be set forth below:

**None.**

I further certify that I know of no non-parties who should be joined in the action pursuant to <u>R.</u> 4:28, or who may be subject to joinder pursuant to <u>R.</u> 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts, except as may be set forth below:

**None.**

Dated:   Paramus, New Jersey
         June 17, 2020

Respectfully submitted,
CALLAGY LAW, P.C.

By: _____
James Greenspan, Esq.
Mack Cali Centre II
650 From Road – Suite 565
Paramus, New Jersey 07652
Phone: (201) 261-1700
Fax: (201) 549-6236
E-mail: jgreenspan@callagylaw.com